IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------
IRENE TOGBE                                    :  CIVIL ACTION No.
       Plaintiff,                          :
  vs.                                              :
ELWYN, INC.                                    :
       Defendants                        :

## COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. Plaintiff in the above captioned matter claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant, of rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act 42 U.S.C. Section 1981, which prohibits discrimination on the basis of race and retaliation for engaging in protected activities under the statute, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and intentional discrimination by Defendants. This action also arises under the Pennsylvania common law theory of wrongful termination.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. This court also has supplemental jurisdiction over Plaintiff's claims under state law. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III. PARTIES

5. Plaintiff, Irene Togbe, is a citizen of the United States of America and a resident of the Commonwealth of Pennsylvania.

7. 6. Defendant, Elwyn, Inc. is a corporate entity, with its offices located at 111 Elwyn Road, Elwyn, PA 19063, and at all times material hereto was Plaintiff's employer.

## IV. STATEMENT OF FACTS

7. Plaintiff, Irene Togbe, an African-American, originally born and from Ivory Coast, West Africa.

8. Plaintiff began working for Defendant on or about November 3, 2003 as a Residential Living Counselor.

9. On numerous occasions Plaintiff and other employees of African national origin were treated differently to their detriment as compared to Caucasian employees and other none African employees.

10. On numerous occasions Plaintiff and other employees of African national origin were subjected to racial harassment by Defendant's supervisory officials.

2

11. Plaintiff and other employees of African national origin were told, "African people sleep in trees", "go back to your country", "you don't speak good English". These racially motivated and derogatory comments made to Plaintiff and other employees of African national origin were made to intimidate and harass Plaintiff, subjecting Plaintiff to a hostile work environment at Defendant's work place.

12. Plaintiff was subjected to discriminatory lunch breaks.

13. Plaintiff was subjected to excessive monitoring while employees not of the same African national origin were treated more favorably.

14. Another employee of African national origin, Sarangbe Keita, complained of been subjected to race discrimination and retaliation against Defendant, and named Plaintiff as a witnesses to issues in her claim.

15. During the course of the investigation of Ms. Keita's claims, Plaintiff provided favorable information regarding Ms. Keita been subjected to race discrimination and retaliatory actions taken against Ms. Keita.

16. Thereafter, Defendant started subjecting Plaintiff to retaliatory actions for engaging in protected activities under the Civil Rights statute.

17. On or about February 13, 2006, Plaintiff suffered a very serious work related injury resulting in her disability from work.

18. Plaintiff claim workers' compensation benefits as a result of her injuries, but was given difficulties and running around by Defendant.

19. On numerous occasions, Plaintiff's treating physician requested that Defendant provide Plaintiff with accommodations because of her injuries, but Defendant failed to give

Plaintiff good faith accommodation for her injuries. However, Defendant would give accommodations to employees not of African national origin for their injuries.

20. Plaintiff challenged Defendant's failure to provide her workers' compensation benefits.

21. On or about November 17, 2006, Defendant terminated Plaintiff's employment.

22. Defendant's termination of Plaintiff's employment was discriminatory because of Plaintiff's race and national origin.

23. Defendant's termination of Plaintiff's employment was retaliatory because Plaintiff engaged in protected activities under the Civil Rights Act.

24. Defendant's termination of Plaintiff's employment in retaliation for and because she filed claims of workers' compensation benefits, protected under the laws of the Commonwealth of Pennsylvania, was a violation of the public policy of this Commonwealth, and therefore wrongful.

V.   STATEMENT OF CLAIM

### COUNT ONE – SECTION 1981 - RACE DISCRIMINATION CLAIM

25.   Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-four (24) as if the same were fully set forth at length herein.

26.   The acts and conducts of the Defendant through its supervisors, managers, employees, agents and officers as stated above where Plaintiff was subjected to discrimination because of her race and national origin from West Africa in the conditions, benefits and privileges of employment, were violations of the Civil Rights Act, 42 U.S.C. §1981.

27. As a direct result of the said discriminatory practices by Defendant, through its officers, supervisors, agents and employees, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT TWO – SECTION 1981 VIOLATIONS – RETALIATION CLAIM

28. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-seven (27) as if same were fully set forth at length herein.

29. The acts and conducts of Defendant through its respective agents, officers, supervisors, employees and officials as stated above where Plaintiff was subjected to adverse employment actions because she engaged in protected activities under the Civil Rights Act is a violation of the statute.

30. As a direct result of said retaliatory practices of the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT THREE – COMMON LAW WRONGFUL TERMINATION

31. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty (30) as if the same were fully set forth at length herein.

32. The acts and conducts of the Defendant as stated above where Plaintiff was terminated in retaliation for and because she filed workers; compensation benefits is a violation of the public policies of this Commonwealth and therefore common law wrongful termination of her employment.

33. As a direct result of the said wrongful termination of Plaintiff's employment by Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### VI. **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendant, and request that this Honorable Court:

A. Enter judgment against the Defendant for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages for emotional pain and suffering, attorneys' fees and expert witness fees as permitted by law;

B. Award punitive damages against the Defendant; and

C. Award such other equitable relief, as the Court may deem necessary and just under the law, including but not limited to an order to make whole and reinstate Plaintiff to her employment with Defendant.

**JURY TRIAL DEMAND**

Plaintiff demands jury trial on all questions of fact raised by this complaint.

/s/ Olugbenga O. Abiona
_____
Olugbenga O. Abiona
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney ID. #57026
Attorney for Plaintiff

Dated:  November 12, 2008